UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S LONGSHORE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MASON COUNTY JAIL,<br><br>　　　　　　Defendant. | CASE NO. C12-5457 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR : AUGUST 31, 2012 |

The District Court has referred this 42 U.S.C. §1983 action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Plaintiff asks the Court to grant him injunctive relief and alleges that since the filing of this action he has been placed in segregation, denied access to a law library, denied access to church, and denied calls to an attorney (ECF No. 8).

The Court recommends that the motion for injunctive relief be denied without prejudice because no defendant has been served or appeared, thus, the Court does not have a defendant before it against whom an injunction could be enforced.

REPORT AND RECOMMENDATION - 1

The Court has ordered plaintiff to file an amended complaint so that he can plead facts specific to him. Thus, plaintiff's motion is also premature.

Further, plaintiff fails to show immediate threat of irreparable injury and no adequate remedy at law.

## STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the status quo *ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards -- the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Id*. (citations omitted).

In order to seek any form of injunctive relief, the plaintiff must show a threat of irreparable injury that is real and immediate, not conjectural or speculative. *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974).

Fed. R. Civ. P. 65(d)(2) outlines the persons against whom an injunction can be issued. The list includes the parties, the party's officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with anyone described above.

DISCUSSION

Plaintiff is the only party currently before the Court. Plaintiff attempted to file this action as a class action without seeking class certification. The Court issued a Report and Recommendation to deny class certification. The plaintiff filed this motion while that Report and Recommendation was pending. Thus, the Court has not ordered service of the complaint and the Court does not have in personam jurisdiction over a defendant.

On July 23, 2012, the District Court adopted the Report and Recommendation and returned this case to the undersigned Magistrate Judge, referring the motion for an injunction back to this Court. The Court has since ordered plaintiff to file an amended complaint with allegations specific to him. The amended complaint will be due on or before August 31, 2012. The Court must then review the amended complaint and, if it survives screening, order service. Until a defendant appears, the Court lacks jurisdiction to entertain the request for injunctive relief.

Further, while plaintiff claims that he is victim of retaliation, plaintiff fails to show any irreparable injury. Plaintiff complains, for instance, of lack of law library access, but he does not claim that he is danger of missing any Court deadline. Plaintiff's filing of this motion shows that he is able to contact the Court. An actual injury is a prerequisite to claim that he has been denied access to a court. *Lewis v. Casey*, 518 U.S. 343, 348 (1996). He complains of an inability to place a legal call, but he does not claim that he is not in contact with counsel. He complains of an inability to attend church, but he fails to allege that he belongs to any particular faith or is required to attend church.

In short, plaintiff does not pled facts needed to show that he suffers irreparable injury or that he has no adequate remedy. The Court, therefore, recommends that the motion be denied

REPORT AND RECOMMENDATION - 3

1 without prejudice. If plaintiff believes that he can meet this standard for injunctive relief, he may
2 re-file his motion after a defendant has appeared in the action and has had an opportunity to
3 defend.
4       Pursuant to 28 U.S.C. § 636(b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have
5 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
6 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
7 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
8 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
9 August 31, 2012, as noted in the caption.
10       Dated this 26th day of July, 2012.

                                                                       J. Richard Creatura
                                                             United States Magistrate Judge