UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S LONGSHORE,<br><br>                Plaintiff,<br><br>    v.<br><br>MASON COUNTY JAIL,<br><br>                Defendant. | CASE NO. C12-5457 BHS-JRC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, AND DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL |

      This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff has filed two motions asking for additional time to file his amended complaint (ECF No. 18, and 21). Plaintiff has also filed two motions asking for appointment of counsel (ECF No. 15 and 19). Plaintiff also asks that the Court return his original complaint (ECF No. 24).

ORDER GRANTING PLAINTIFF'S MOTION FOR
AN EXTENSION OF TIME, AND DENYING
PLAINTIFF'S MOTIONS FOR APPOINTMENT
OF COUNSEL - 1

1  Plaintiff explains that he did not receive the Court's Order to file an amended complaint
2  in a timely manner because he was moved from one jail to another (ECF No. 18). It is plaintiff's
3  obligation to keep the Court informed of a current address. *See*, Local Rule 41(b)(2). Failure to
4  keep the Court informed of a current address can lead to dismissal of an action. *Id*.

5  Plaintiff's not receiving the July 25, 2012 order is good cause for a continuance.
6  Plaintiff's motion is granted. Plaintiff will have until **October 19, 2012** to file his amended
7  complaint. The complaint needs to be on the Court's form. The Clerk's Office is directed to send
8  plaintiff a blank civil rights form.

9  Plaintiff has also filed two motions for appointment of counsel (ECF No. 15 and 19).
10 There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although
11 the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so
12 only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986);
13 *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th
14 Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the
15 likelihood of plaintiff's success on the merits and the ability of plaintiff to articulate his claims
16 pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

17 Plaintiff was adequately articulate in the original complaint (ECF No. 5). He simply
18 needs to restrict himself to facts and issues concerning him and not attempt to raise claims for
19 others. Plaintiff has failed to show any likelihood of success on the merits at this point in time
20 because he has not placed a viable complaint before the Court. Plaintiff's motions for
21 appointment of counsel, (ECF No. 15 and 19), are denied.

ORDER GRANTING PLAINTIFF'S MOTION FOR
AN EXTENSION OF TIME, AND DENYING
PLAINTIFF'S MOTIONS FOR APPOINTMENT
OF COUNSEL - 2

1  The original complaint was electronically scanned and entered into the system at (ECF
2  No. 5). The document itself is not kept. The Clerk's office is directed to send plaintiff a copy of
3  (ECF No. 5).

4  Dated this 26th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge