UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S LONGSHORE,

        Plaintiff,

v.

MASON COUNTY JAIL et al.

        Defendants.

CASE NO. C12-5457 BHS-JRC

ORDER TO FILE A SECOND AMENDED COMPLAINT

       This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

       The Court has reviewed plaintiff's amended complaint, (ECF No. 26), and the three motions to modify or amend the complaint filed on October 16, 2012 (ECF No. 29, 30, and 31). As discussed below, Plaintiff's amended complaint violates Fed. R. Civ. P. 8(a). In light of plaintiff's recent filings the Court will grant plaintiff a final opportunity to cure the defects in his filings. The three motions filed on October 16, 2012 (ECF No. 29, 30, and 31) are DENIED in light of this order.

ORDER TO FILE A SECOND AMENDED
COMPLAINT - 1

1      Plaintiff commenced this action in May of 2012. Plaintiff attempted to file a class action

2 without certification of a class. The Court prepared a Report and Recommendation for the

3 District Court (ECF No. 6). The District Court adopted the Report and Recommendation and

4 returned the action to this Court on July 23, 2012 (ECF No. 12). The Court then ordered plaintiff

5 to file an amended complaint (ECF No. 13).

6      On October 2, 2012, plaintiff filed a fifty-five page amended complaint that does not

7 comply with Fed. R. Civ. P. 8(a). Plaintiff names nine defendants (ECF No. 26, page 2). Plaintiff

8 then digresses and for the next twenty-seven pages provides information on the grievance system

9 including a copy of a book on inmate rights with his own notations in the margins (ECF No. 26).

10 Plaintiff's digression does not comport with Fed. R. Civ. P. 8(a). The Court's form simply asks if

11 there is a grievance system and if plaintiff has completed the grievance process. If plaintiff has

12 not completed the grievance process, a simple short statement why plaintiff has not completed

13 that process is all that the Court requires.

14      Plaintiff uses the Court's form for an inmate civil rights complaint until he comes to the

15 statement of the claim. Plaintiff then attaches a twenty-two page insert that contains argument,

16 conclusory statements, and facts. While some of plaintiff's facts contain possible causes of

17 action, plaintiff's facts are not always associated with any named defendant (ECF No. 26, pages

18 32 to 53). Plaintiff's possible claims include:

19    1. Plaintiff's allegation that he was forced to sleep on a mattress on the floor for eleven days and suffered pain as a result (ECF No. 26, page 35).
20    2. Plaintiff's allegation that he was placed in unsanitary cells by unnamed persons and then that he was denied cleaning supplies (ECF No. 26, page 36).
21    3. Plaintiff's allegation that he was denied timely dental care and that unnamed nursing staff then interfered with the prescribed treatment and denied him pain medication after a
22    tooth extraction (ECF No. 26, page 37).
      4. Plaintiff's allegation that unnamed persons did not supply him with an adequate
23    amount of food (ECF No. 26, page 39).

24

ORDER TO FILE A SECOND AMENDED
COMPLAINT - 2

5. Plaintiff's allegation that he was retaliated against for filing grievances (ECF No. 26, page 41).

6. Plaintiff's allegation that unnamed persons opened plaintiff's legal mail outside of his presence (ECF No. 26, page 47).

Plaintiff attempts to raise several other issues in his statement of the claim, none of which state a claim. Plaintiff may not challenge loss of good time or disciplinary hearing where he lost good time because such a claim directly challenges the length of his confinement. Plaintiff must pursue such claims through habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff alleges that although he is Christian he has "Native American heritage requirements." Plaintiff fails to show that the jail is obligated to provide for non-religious requirements or that plaintiff's "requirements" are protected under any right guaranteed by the United States Constitutions.

Plaintiff challenges placement in administrative segregation and alleged verbal harassment. Plaintiff has no liberty interest in avoiding administrative segregation. *Smith v. Noonan*, 992 F.2d 987 (9th Cir. 1993).

Further, the Ninth Circuit has held that verbal harassment does not state a claim. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987).

Plaintiff's amended complaint also violates Fed. R. Civ. P. 8(a). The Rule states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

ORDER TO FILE A SECOND AMENDED
COMPLAINT - 3

1  *See*, Fed. R. Civ. P. 8(a). Plaintiff's short and plain statement of the claim for relief must contain facts showing how each defendant acted and what right plaintiff claims that each defendant violated.

    The Court orders plaintiff to file a second amended complaint that comports with Fed. R. Civ. P. 8(a). This second amended complaint will act as a complete substitute for any prior complaint. Plaintiff is directed to use the form for filing a prisoner civil rights complaint. Plaintiff's second amended complaint will be due on or before November 30, 2012.

    The Clerk's Office is directed to send plaintiff a blank civil rights form. Plaintiff's failure to comply with this order will result in a Report and Recommendation that this action be dismissed for failure to comply with a Court order. *See*, Fed. R. Civ. P. 41(b).

    Dated this 19th day of October, 2012.

*[signature]*

J. Richard Creatura
United States Magistrate Judge